```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ELDER CONSTRUCTION & ASSOCIATES, INC. | ) )   ) Civil Action No. 5:07-236-JMH |
| Plaintiff, | ) ) |
| v. | ) ) **MEMORANDUM OPINION AND ORDER** |
| DIAMONDROCK GRIFFIN GATE TENANT, LLC; DIAMONDROCK GRIFFIN GATE OWNER, LLC; BGX, INC.; NOBLE TILE & MARBLE CO., INC. | ) ) ) ) ) |
| Defendants. | ) ) ) |

**   **   **   **   **

This matter is before the Court upon Defendants DiamondRock Griffin Gate Tenant, LLC (hereinafter, "Tenant"), and DiamondRock Griffin Gate Owner, LLC's (hereinafter, "Owner;" collectively with Tenant, "DiamondRock Defendants") Motions to Dismiss and to Consolidate. [Record No. 9.] The DiamondRock Defendants have submitted a Memorandum of Law in Support of their Motions [Record No. 9-1]. Plaintiff Elder Construction & Associates, Inc. (hereinafter, "Elder Construction"), has submitted a Response in Opposition to the Motion to Dismiss and has in its Response to the Motion to Consolidate, joined in that motion [Record No. 10]. Finally, the DiamondRock Defendants have filed a motion in further support of their Motion to Dismiss [Record No. 12].

In these motions, the DiamondRock Defendants ask the Court to dismiss Elder Construction's claims against Tenant on the grounds

that they are compulsory counterclaims which should have been asserted in the Civil Action No. 5:07-cv-181, pursuant to Fed. R. Civ. P. 13(a). Tenant and Owner then ask that the this matter be consolidated with that in Civil Action No. 5:07-cv-181 pursuant to Fed. R. Civ. P. 42(a), as the two cases arise out of common questions of law and fact. Finally, Tenant and Owner request that this Court dismiss the claims against Defendant Noble Tile & Marble Co., Inc. (hereinafter, "Noble Tile"), on the grounds that Noble Tile was fraudulently joined and Elder Construction has failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

For the reasons which follow, the DiamondRock Defendants' motion to consolidate shall be granted, and, while the claims against Noble Tile will be dismissed, the DiamondRock Defendants' motion to dismiss will be denied.

I.  FACTS

In the fall of 2006, Tenant and Elder Construction entered into a contract in which Elder Construction, acting as general contractor, agreed to renovate a hotel located in Lexington, Kentucky. Tenant avers that Elder Construction's work was of poor quality, defective, and not completed within the time frame set forth in the contract between the parties. Tenant further avers that Plaintiff failed to pay its subcontractors and suppliers from payments received from Tenant. As a result, Elder Construction's

subcontractors and materials suppliers have filed Mechanic and Materialman's Liens against the hotel, made separate claims against Tenant, and filed suit against Tenant and others in Fayette Circuit Court.

On June 13, 2007, Tenant filed a civil action, styled *DiamondRock Griffin Gate Tenant, LLC. v. Elder Construction & Associates, Inc., et al.*, Civil Action No. 5:07-cv-181, against Elder Construction alleging defective work on the project, submission of fraudulent certifications to Tenant for the purpose of obtaining payment, and failure to pay subcontractors out of sums Tenant paid to Elder Construction.  Tenant alleged, as well, an individual claim against Mr. Elder for fraudulently certifying that Elder Construction paid its subcontractors and suppliers for work from previous payments from Tenant.  Elder Construction and Mr. Elder filed a motion to dismiss that action for lack of diversity of citizenship and for failure to join two indispensable parties. This Court denied that motion on July 25, 2007.

On June 29, 2007, Elder Construction filed the this action in the Fayette Circuit Court, naming Tenant, Owner, BGX, Inc. (hereinafter, "BGX"), and Noble Tile as defendants.  Tenant and Owner, with BGX's consent, removed the case to this Court on July 20, 2007, alleging that Noble Tile, a Kentucky corporation, was fraudulently joined.  Elder Construction's complaint seeks relief in the form of payment for its work on the project by means of a number of claims, including a claim to enforce a mechanic's lien

which arose out of the contract and Elder Construction's work on the project.

On August 4, 2007, Elder Construction and David Elder filed an Answer in Civil Action No. 5:07-cv-181 [Record No. 16], asserting "the affirmative defenses of fraud and duress, as set forth in Elder Construction & Associates, Inc.'s complaint against Tenant and others filed in Fayette Circuit Court, which is attached as Exhibit A and fully incorporated herein."

II. Analysis

    **A. Elder Construction's Claims Against Defendant Noble Tile Are Not Ripe and This Court Lacks Subject Matter Jurisdiction Over Them**

The DiamondRock Defendants have asked the Court to dismiss Elder Construction's claims against Noble Tile under Fed. R. Civ. P. 12(b)(6) on the grounds that the Complaint in this matter does not seek any relief against Noble Tile.  In sum, Elder Construction complains that Defendant BGX has stated that the work performed by Elder's subcontractor, Noble Tile, was faulty and required replacement.  Elder avers that it will seek indemnification from Noble Tile in the event that it incurs expense due to any faulty work by Noble Tile.

Before reaching the issue of whether the DiamondRock Defendants can pursue the requested relief on behalf of Defendant Noble Tile or whether the Complaint even states a claim for the purposes of a 12(b)(6) dismissal, this Court must consider whether

it even has subject matter jurisdiction over the claims alleged against Noble Tile. Elder Construction's claims against Noble rely upon an event which has not yet occurred – that Elder Construction incurs expense due to the actions of Noble Tile. Thus, it appears to this Court that Elder Construction's claims against Noble Tile are not ripe. *See Nat'l Rifle Ass'n of Am. v. Magaw,* 132 F.3d 272, 294 (1997) ("Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all.")

As summed up by the Sixth Circuit Court of Appeals in *Bigelow v. Michigan Department of Natural Resources*:

> "The jurisdiction of federal courts is limited by Article III of the United States Constitution to consideration of actual cases and controversies, therefore federal courts are not permitted to render advisory opinions." *Adcock v. Firestone Tire and Rubber Co.,* 822 F.2d 623, 627 (6th Cir. 1987). "Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed. This deficiency may be raised sua sponte if not raised by the parties." *Southern Pac. Transp. Co. v. City of Los Angeles,* 922 F.2d 498, 502 (9th Cir. 1990), *cert. denied,* 502 U.S. 943 (1991) (citation omitted).

*Bigelow v. Michigan Dept. of Natural Resources*, 970 F.2d 154, 157 (6th Cir. 1992).

Upon a review of the complaint and in light of Elder Construction's apparent concession that its Complaint is insufficient with regard to Noble Tile, this Court finds that Elder

Construction's claims against Defendant Noble Tile are not ripe.[1] It follows that this Court lacks subject matter jurisdiction over them. Accordingly, these claims will be dismissed without prejudice and the DiamondRock Defendant's Motion to Dismiss the claims will be denied as moot.

### B. Claims Against Diamond Rock Defendants Will Not Be Dismissed But, Instead, Consolidated

While Fed. R. Civ. P. 13(a) requires that an "adverse party ... state its counterclaims 'at the time of serving a pleading[,]'" Fed. R. Civ. P. 15(a) provides that leave to file an amended pleading "shall be freely given when justice so requires" and that Fed. R. Civ. P. 13(f) authorizes amendment to add any omitted counterclaims omitted "through oversight, inadvertence, or excusable neglect, or when justice requires." Fed. R. Civ. P. 1, 13(a), 13(f), and 15(a); *Bluegrass Hosiery, Inc. v. Speizman Industries, Inc.*, 214 F.3d 770, 772 (6th Cir. 2000) (citing *United States v. Snider*, 779 F.2d 1151, 1157 (6th Cir. 1995)). As Elder Construction has pointed out in its pleading, if its claims in Civil Action No. 5:07-cv-236 as to Tenant are dismissed as requested by the DiamondRock Defendants (which would be proper under the Rules of Civil Procedure, in the Court's opinion), it would simply ask the Court for leave to amend its answer in Civil Action No. 5:07-cv-181 in order to state its counterclaims (leave which the Court would be inclined to grant).

---

[1] Elder Construction has not opposed the DiamondRock Defendant's motion to dismiss the claims against Noble Tile.

The Court is ever mindful, as the parties should be, that Fed. R. Civ. P. 1 requires that the Rules of Civil Procedure "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Similarly, the maxim *de minimis non curat lex* (the law is not concerned with trivialities) is relevant here. While the Court could, as the DiamondRock Defendants suggest, dismiss the claims and order Elder Construction to amend its Answer in Civil Action No. 5:07-cv-181, it will not do so as the same result can be accomplished with greater economy to the Court and the parties by simply consolidating what remains of this matter with the first filed action. To require more of the parties here would be to mire the parties, the Court, and this matter down in minutiae.

Fed. R. Civ. P. 42(a) provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation of a matter with common questions of law or fact is within the discretion of this Court. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). The Court must consider whether the risk of prejudice and confusion are outweighed by the risk of inconsistent adjudication of the common factual and legal issues, the burden on

the parties, the location of the witnesses, available judicial resources, the length of time necessary to conclude multiple suits, and the relative expense to all concerned. *Cantrell*, 999 F.2d at 1011.

There is no doubt that Civil Action No. 5:07-cv-181 and this action involve common questions of law and fact. It follows that there is little risk of prejudice or confusion if the actions or consolidated and, indeed, the circumstances of the case may be more clearly understood if the matters are tried together. As well, consolidation will substantially decrease the burden on the parties, witnesses, and available judicial resources as multiple depositions, sets of written discovery, and trials can be avoided. Finally, in the only response filed with regard to this Motion, Plaintiff joins in the motion to consolidate.

Finally, neither party will be prejudiced or otherwise inconvenienced by the decision to consolidate these matters in lieu of dismissing the claims in this matter and ordering the amendment of an answer in another, particularly as discovery is in the earliest stages and the claims of the parties will simply be resolved as though they had been properly brought as claims and counterclaims in the same matter in the first place. That said, the parties and counsel should be more careful in their pleadings, renew their acquaintance with the Rules, and to govern themselves accordingly in all matters before this Court going forward.

**III. Conclusion**

For the reasons stated above, the Court finds that the claims of Elder Construction against Noble Tile should be dismissed without prejudice as they are not ripe and this Court may not entertain subject matter jurisdiction over those claims at this time. Further, the Court declines to dismiss Elder Construction's claims against Tenant on the grounds that they should have been raised as counter-claims in the pending and first-filed matter, Lexington Civil Action No. 07-181. Rather, the Court will consolidate these related matters, as the both DiamondRock Defendants and Elder Construction have requested and as permitted by Fed. R. Civ. P. 42(a). Accordingly,

**IT IS ORDERED,**

(1) Elder Construction & Associates, Inc.'s claims stated against Defendant Noble Tile & Marble, Inc., shall be and the same hereby are **DISMISSED WITHOUT PREJUDICE;**

(2) that DiamondRock Griffin Gate Tenant, LLC, and DiamondRock Griffin Gate Owner, LLC's Motion to Dismiss the Claims of Elder Construction & Associates, Inc., against Noble Tile & Marble, Inc., shall be and the same hereby is **DENIED AS MOOT;**

(3) that DiamondRock Griffin Gate Tenant, LLC, and DiamondRock Griffin Gate Owner, LLC's Motion to Dismiss [Record No. 9] the Claims **of Elder Construction & Associates, Inc., against** DiamondRock Griffin Gate Tenant, LLC, shall be and the same here by is **DENIED;**

**(4)** **that** DiamondRock Griffin Gate Tenant, LLC, and DiamondRock Griffin Gate Owner, LLC's Motion to Consolidate [Record No. 9], as joined by Elder Construction & Associates, Inc., shall be and the same hereby is **GRANTED; and**

**(5)** that Lexington Civil Action No. 07-181 and 07-236 shall be and the same hereby **are CONSOLIDATED,** with all further filings to be made in Lexington Civil Action No. 07-181.

This the 27th day of September, 2007.

Signed By:
*Joseph M. Hood*
United States District Judge